KEVIN D. JAMISON (SBN 22105)
kjamison@jec-legal.com
ERIN N. EMPTING (SBN 272130)
eempting@jec-legal.com
JUSTIN F. CRONIN (SBN 260188)
jcronin@jec-legal.com
JAMISON EMPTING CRONIN, LLP
825 East 4th Street, Suite 204
Los Angeles, California 90013
Telephone: (213) 246-2732
Facsimile: (626) 314-1833

Attorneys for Defendant
Paramount Global, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT. L. HULTNER and GERALDINE E. HULTNER,<br><br>Plaintiffs,<br><br>vs.<br><br>AIR & LIQUID SYSTEMS CORPORATION (*sued individually and as successor-in-interest to* BUFFALO PUMPS, INC.,) et al.,<br><br>Defendants. | Case No: 8:24-cv-00409-JLS (DFMx)<br><br>**DEFENDANT PARAMOUNT GLOBAL'S EVIDENTIARY OBJECTIONS TO EVIDENCE IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS AFFIRMATIVE DEFENSES**<br><br>Hearing Date   May 2, 2025<br>Hearing Time:   10:30 a.m.<br>Judge:   Hon. Josephine L. Staton<br>Location:   Courtroom 8A, 8th Floor<br><br>Complaint Filed:   February 27, 2024<br>Pre-Trial Conf.:   August 22, 2025 |

1

Defendant Paramount Global, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse"),[1] hereby submits these Evidentiary Objections to the evidence submitted by Plaintiffs Scott L. Hultner ("Mr. Hultner" or "Plaintiff") and Geraldine Hultner ("Mrs. Hultner") (together, the "Plaintiffs") in support of their Omnibus Motion for Partial Summary Judgment as to Defendants' Affirmative Defenses.

**1. Report of Arnold P. Moore, PE (Ex. 1 to Decl. of David White)**

Westinghouse objects to the entirety of the January 24, 2025 Report of Arnold P. Moore, PE ("Moore Report") on the following grounds:

<u>Proffered Report or Testimony Not Made Under Penalty of Perjury</u>: Moore fails to declare that anything he says is true and correct. Under 28 U.S.C. § 1746, an unsworn declaration can be offered, but it must declare that its contents are "true under penalty of perjury," in "substantially the following form": "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C., § 1746(2). This requirement is minimal, but it does have two mandatory components: (1) "an assertion that the facts are true and correct"; and (2) "an averment that the first assertion is made under penalty of perjury." *U.S. v. 8 Gilcrease Lane, Quincy, Fla. 32351*, 587 F. Supp. 2d 133, 139 (D.D.C. 2008); *accord Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir.1995) (verification sufficient, although it did not follow section 1746 with precision, "because [it] stated under penalty of perjury that the contents were true and correct"); *Matsuda v. Wada*, 101 F. Supp. 2d 1315, 1322 (D. Haw. 1999) ("[a]s long as an unsworn declaration contains the phrase 'under penalty of perjury' and states that the

---

[1] Paramount Global (a Delaware corporation formerly known as ViacomCBS Inc.; as CBS Corporation; and as Viacom, Inc.) is a successor by merger to CBS Corporation (a Pennsylvania corporation formerly known as Westinghouse Electric Corporation).

1 document is true, the verification requirements of 28 U.S.C. § 1746 are satisfied");
2 *Link Treasure Ltd. v. Baby Trend, Inc.*, 809 F. Supp. 2d 1191, 1195 (C.D. Cal. 2011)
3 ("compliance with the requirement of 28 U.S.C. § 1746 is mandatory"). Here, Moore
4 fails to meet even this minimal standard, providing only a signature above his typed
5 name [Report of Arnold P. Moore, Jan. 24, 2025, Ex. 1 to the Decl. of David White
6 ("Moore Report"), p. 58].

7      A document in this form constitutes inadmissible hearsay and incompetent
8 evidence; it cannot be considered by the Court when deciding a motion for summary
9 judgment. *See*, *e.g.*, *United States v. Heart Solution, PC*, 923 F.3d 308, 315–16 (3d
10 Cir. 2019); *Warrington v. 3M Co.*, 2023 WL 5239605 at *6 (E.D. Pa. Aug. 15, 2023);
11 *Samsi North America, LLC v. LG Elecs. USA, Inc.,* No. CV 18-3541 PSG (SKx)),
12 2019 WL 8168069 at *9–10 (C.D. Cal., Nov. 14, 2019); *Johnson v. Resources for*
13 *Human Dev.*, 878 F. Supp. 35, 39 n.5 (E.D. Pa. 1995); *see also Makeda-Phillips v.*
14 *White*, No. 12-3312, 2015 WL 3464313 at *5 (C.D. Ill. May 29, 2015); *Ridgel v. U.S.*,
15 2013 WL 2237884 at *2 (C.D. Cal. May 21, 2013); *Davis v. Wells Fargo Bank,* 685 F.
16 Supp. 2d 838, 841 n.6 (N.D. Ill. 2010).

17      <u>Expert Opinion Not Based on Sufficient Facts or Data</u>: Moore selectively
18 discusses documents and testimony, and has thus apparently failed to consider all
19 relevant materials, much of which does not support his summary of testimony,
20 records, and other facts developed in this case, or his interpretations and opinions of
21 the same. Accordingly, his opinions are not based on a fulsome consideration of the
22 relevant facts and are thus not based on sufficient facts or data, as opposed to his
23 subjective impressions and conclusory assertions unsupported by fact, making them
24 inadmissible. Fed. R. Evid. 702, 703; *Brown v. Burlington Northern Sanat Fe Ry. Co.*,
25 765 F.3d 771–72 (7th Cir. 2014); *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 48–49
26 (2d Cir. 2004); *Thomas v. Christ Hosp. & Med. Ctr.*, 328 F.3d 890, 894 (7th Cir.
27 2003); *Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.*, 408 F.3d 410, 416–
28 17 (8th Cir. 2005).

<u>Inadmissible Hearsay</u>: The statements in the Moore Report—including those purporting to interpret other documents, testimony, and other forms of potential evidence in the absence of presenting these documents, testimony, or other potential evidence—is offered for the truth of the matters asserted, making it hearsay not subject to an exception, and therefore inadmissible. Fed. R. Evid. 801, 802.

<u>Lacks foundation</u>: The Moore Report is inadmissible because it is speculative, conclusory, lacks foundation to support either a lay or expert opinion, and is irrelevant. Fed. R. Evid. 401, 402, 602, 702, 703.

<u>Lacks authenticity</u>: Plaintiffs fail to introduce evidence sufficient to meet its burden of showing that any of the documents referenced—including purported Navy records—are authentic. Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."); *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("Authentication is a condition precedent to admissibility.").

For the foregoing reasons, the Moore Report should be stricken and not considered in this proceeding.

Dated: April 11, 2025              JAMISON EMPTING CRONIN, LLP

                                   By:   /s/ Justin F. Cronin
                                         JUSTIN F. CRONIN
                                         Attorneys for Defendant
                                         Paramount Global, f/k/a ViacomCBS Inc.,
                                         f/k/a CBS Corporation, a Delaware
                                         corporation, f/k/a Viacom Inc., successor
                                         by merger to CBS Corporation, a
                                         Pennsylvania corporation, f/k/a
                                         Westinghouse Electric Corporation

# CERTIFICATE OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 825 East Fourth Street, Suite 204, Los Angeles, CA 90013.

On April 11, 2025, I served the following document(s): **DEFENDANT PARAMOUNT GLOBAL'S EVIDENTIARY OBJECTIONS TO EVIDENCE IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS AFFIRMATIVE DEFENSES** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| FROST LAW FIRM, PC<br>273 West 7th Street,<br>San Pedro, CA 90731<br>T: 866-353-6373<br>F 310-361-8803 | THE LAW OFFICES OF WORTHINGTON & CARON, PC<br>273 West 7th Street<br>San Pedro, California 90731<br>T 310-221-8090<br>F 310-221-8095 |

*Attorney for Plaintiffs*

And All Parties Registered to receive electronic notification on this matter

☐ I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at, Los Angeles, California.

☒ By E-Service: I electronically served the above document(s) via PACER CM/ECF and/or File & ServeXpress on the recipients as registered and designated to receive electronic notification.

☐ By Personal Service: I caused to be delivered by courier **Nationwide Legal Express,** such envelope by hand to the offices of the above addressee(s).

Executed: April 11, 2025

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*James Choi*

4810.0870